David M. Clark, Wyo. Bar # 6-4133
Worrall & Greear, P.C.
1112 Robertson Avenue
P.O. Box 552
Worland, WY  82401
Phone: (307) 347-9801
Facsimile: (307) 347-2859
dc@rtconnect.net
Attorneys for Northern Rockies Neuro-Spine, P.C.
CM/ECF Registered

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 14-20574 |
| BRIAN PAUL LANG, and ) | Chapter 7 |
| HEATHER ROSE LANG, ) | |
| ) | |
| Debtors. ) | |
| | |
| NORTHERN ROCKIES NEURO-SPINE, P.C. ) | |
| ) | Adversary No. _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BRIAN PAUL LANG, and ) | |
| HEATHER ROSE LANG, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT OBJECTING TO DISCHARGE OF DEBT

COMES NOW Plaintiff, Northern Rockies Neuro-Spine, P.C., by and through its attorneys

Worrall & Greear, P.C., and for its Complaint states:

## JURISDICTION AND VENUE

1. Defendants filed a voluntary petition in this Court seeking relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2. Plaintiff, Northern Rockies Neuro-Spine, P.C., is a Wyoming profit corporation with its principal office located at 3611 Tommy Armour Circle, Billings, MT 59106, and Plaintiff is a creditor of Defendants, Brian Paul Lang and Heather Rose Lang.

3. Defendants, Brian Paul Lang and Heather Rose Lang, are debtors in this proceeding.

4. This complaint is brought in an adversary proceeding, pursuant to Bankruptcy Rule 7001, to determine the dischargeability of debt and objecting to the discharge of the debtor pursuant to 11 U.S.C. § 523(a)(2) and (4).

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## FACTS COMMON TO ALL COUNTS

6. At the time of the occurrences described in this complaint, Plaintiff was engaged in the business of providing medical services.

7. John H. Schneider, M.D., a physician that at the time was employed by Northern Rockies Neuro-Spine, provided surgical services, including pre- and post-operative care on the Defendant, Heather R. Lang, in Cody, Park County, Wyoming.

8. On the 23rd day of July, 2009, the Defendant Heather Rose Lang signed various documents provided to her by the Plaintiff when said Defendant sought medical care from Plaintiff. Among other things, those documents assigned to Plaintiff the benefits that were paid from CNIC Health Solutions for the services performed by Plaintiff and hereinafter described.

9. The Defendant Heather Rose Lang was seen at the offices of Plaintiff for various appointments from the 23rd day of July, 2009 through the 25th day of February, 2010.

10. Doctor John Schneider performed surgery on the Defendant Heather Rose Lang on the 30th day of November, 2009.

11. The total charges incurred by the Defendant Heather Rose Lang and payable to Plaintiff as of the 1st day of October, 2010 was in the amount of sixteen thousand one-hundred and thirty-one dollars ($16,131.00). The Defendants made total payments of two-hundred and fifty-four dollars ($254.00).

12. The Defendant Heather Rose Lang carried health insurance with CNIC Health Solutions and received payment in the amount of $1,350.00 according to a statement dated February 19, 2010.

13. The Defendant Heather Rose Lang carried health insurance with CNIC Health Solutions and received payment in the amount of $14,347.00 according to a statement dated March 15, 2010.

14. The Defendants did not pay those amounts over to Northern Rockies Neuro-Spine, P.C.

15. The Defendants, acting together, cashed the checks from CNIC Health Solutions and deposited the funds into an account for their own use and benefit.

16. Plaintiff attempted to contact the Defendants multiple times regarding payment of the past due amounts, but Defendants intentionally ignored Plaintiff with the intent of concealing and retaining for their own benefit the insurance benefits that Heather Rose Lang had represented would be paid over to Plaintiff.

17. The Plaintiff was informed on the 1st day of October, 2010 that CNIC sent a check for the amount of $14,347 to the Defendant Heather Rose Lang.

18. Doctor John Schneider wrote a letter to the Defendant Heather Rose Lang demanding payment be made within thirty (30) days of the entire balance due.

19. To date the Defendants have not paid the balance due on Heather Rose Lang's account with Northern Rockies Neuro-Spine, P.C.

20. The Plaintiff filed an action in the District Court for Park County, Wyoming, Fifth Judicial District, Civil Action No. 26388, asserting causes of action for breach of contract, conversion, and fraud.

21. On the 26th day of August, 2011, Defendant Heather Rose Lang executed a Confession of Judgment. A copy of the same is attached hereto and incorporated herein by reference as Exhibit "1".

22. On the 15th day of September 2011, the District Court entered a Judgment by Confession. A copy of the same is attached hereto as Exhibit "2" and incorporated herein by reference. That judgment specifically finds that Defendant Heather Rose Lang confessed judgment to all counts, including fraud and conversion, and enters judgment in the amount of $20,899.50 together with post-judgment interest at the rate of 10% per annum, and future attorney fees and costs as allowed by law.

FRAUD

23. Plaintiff restates and incorporates herein by reference all prior allegations.

24. Defendant Heather Rose Lang made specific, false representations to Plaintiff that insurance proceeds would be paid over to Plaintiff to compensate Plaintiff for services sought by Defendant Heather Rose Lang.

25. The Defendant Heather Rose Lang made a false representation to the Plaintiff by representing that she would assign all benefits to Northern Rockies Neuro-Spine applicable to care rendered by the listed providers.

26. The Defendant Heather Rose Lang made a false representation to the Plaintiff by representing that she would be ultimately responsible for any and all bills, fees and costs associated with the services provided by Northern Rockies Neuro-Spine.

27. At the time she sought medical services from Plaintiff, the Defendant Heather Rose Lang had no intention of paying over any insurance proceeds and intended to keep all such proceeds for her and her husband's own use and benefit.

28. The false representations of Defendant Heather Rose Lang that insurance benefits were assigned and would be paid over to Plaintiff were intended to induce action by the Plaintiff. More specifically, the false representations were intended to induce the Plaintiff to provide medical services to the Defendants, including performing surgery on the Defendant Heather Rose Lang.

29. The false representations did in fact induce action by the Plaintiff when the Plaintiff performed the requested medical services for the Defendant Heather Rose Lang.

30. Plaintiff relied upon the false representations of Defendant Heather Rose Lang by proceeding to perform services for her in expectation of receiving insurance proceeds as compensation for Plaintiff's medical services.

31. The Plaintiff reasonably believed the representations made by the Defendant Heather Rose Lang to be true as evidenced by the fact that the Plaintiff provided medical services to the Defendant Heather Rose Lang.

32. The Plaintiff has suffered damages in relying upon the false and fraudulent representations of the Defendant Heather Rose Lang.

33. The Defendant Heather Rose Lang did in fact obtain services from Plaintiff by means of false pretenses, false representations, and actual fraud as those terms are used in 11 U.S.C. § 523(a)(2)(A).

34. The conduct of Defendant Heather Rose Lang was outrageous, was with malice, and it constitutes willful and wanton minsconduct; accordingly, such conduct justifies a judgment of punitive damages against the Defendant Heather Rose Lang.

## EMBEZZLEMENT OR LARCENY

35. Plaintiff restates and incorporates herein by reference all prior allegations.

36. Defendant Heather Rose Lang assigned all insurance benefits to Northern Rockies Neuro-Spine applicable to care rendered by the listed providers on the 23rd day of July, 2009, divesting herself of any legal title or claim to the insurance proceeds and assigning the same to the Plaintiff.

37. Defendant Heather Rose Lang assigned to Plaintiff all future insurance proceeds to be received in connection with the services provided by Plaintiff.

38. The insurance company sent insurance proceeds directly to Defendant Heather Rose Lang; as such, she was upon receipt, together with her husband Brian Paul Lang who also had constructive possession of the proceeds, a bailee in lawful possession of the property owned by Plaintiff.

39. Defendants, who together had possession of the insurance proceeds knowing that they belonged to Plaintiff, appropriated said funds to their own use and benefit with fraudulent intent.

40. The conduct of both Defendants is embezzlement as that term is used in 11 U.S.C. §523(a)(4).

41. In the alternative, Defendants unlawfully took the insurance proceeds by cashing the insurance proceed checks and depositing those funds into an account for their own joint use and benefit with the intent of depriving Plaintiff of the rightful possession of those funds.

42. The conduct of both Defendants constitutes larceny as that term is used in 11 U.S.C. §523(a)(4).

43. The conduct of Defendant Heather Rose Lang was outrageous, was with malice, and it constitutes willful and wanton minsconduct; accordingly, such conduct justifies a judgment of punitive damages against the Defendant Heather Rose Lang

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. A determination that pursuant to 11 U.S.C. § 523(a)(2) and/or (4), and 11 U.S.C. § 1328(a)(2), a sum in the amount of $15,867.00, together with post-judgment interest (from the time the judgment was entered in state district court) at the rate of 10% per annum, is non-dischargeable and excepted from Defendants' discharge;

b. That this Court enter a nondischargeable judgment of punitive damages against Defendant Heather Rose Lang; said judgment to be in an amount not less than all costs of litigation in accordance with applicable law; and

    c.   Such further relief as this Court deems just and proper under the circumstances.

**DATED** this 21st day of November 2014.

                    **WORRALL & GREEAR, P.C.**

                    David M. Clark, Wyo. Bar #6-4133
                    P.O. Box 552
                    Worland, WY  82401
                    Voice: (307) 347-9801
                    Fax: (307) 347-2859
                    dc@rtconnect.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2014, I filed the foregoing electronically through the CM/ECF system or by mailing a true and correct copy by United States mail, postage prepaid and addressed as follows:

    Brett T. Allred
    Basin Law Group, LLC
    210 North Bent Street
    Powell, WY  82435

    Gary A. Barney
    PO Box 690
    Lander, WY  82520

                    David M. Clark

| STATE OF WYOMING | COUNTY OF PARK |
|---|---|
| NORTHERN ROCKIES NEURO-SPINE, P.C., *Plaintiff,* -vs- HEATHER R. LANG, *Defendant.* | IN THE DISTRICT COURT FIFTH JUDICIAL DISTRICT 1002 SHERIDAN AVENUE P.O. BOX 1960 CODY, WYOMING 82414-1960  Civil Action No. 26388 |

### CONFESSION OF JUDGMENT

**COMES NOW**, the above captioned Defendant, by and through her attorney, and confesses that the Defendant is justly indebted to the above captioned Plaintiff for all counts listed in the Plaintiff's Complaint, more specifically described as:

1. Count I, Breach of Contract;
2. Count II, Fraud;
3. Count III, Conversion.

This Confession of Judgment is for a debt justly due to the Plaintiff in the amount of $20,899.50 calculated as follows:

    a. Indebtedness in the amount of $15,867.00.
    b. Attorney fees in the amount of $4,962.50
    c. Court filing fees in the amount of $70.00

together with interest on the unpaid judgment at the statutory rate of 10% per annum, and future attorney fees and costs as may be allowed by law.

**RESPECTFULLY SUBMITTED** this 26 day of August, 2011.

J. Philip Bott   WSB#6-4199
*Attorney for the Defendant*
BASIN LAW GROUP, LLC.
210 N. Bent Street
Powell, Wyoming  82435
(307) 271-6008

EXHIBIT "1"
page 1 of 2

State of Wyoming )
:§
County of Park )

# Warrant of Attorney

I, the below undersigned, Heather Lang, warrant and grant to my Attorney at Law, J. Philip Bott, of Basin Law Group, authority to enter Confession of Judgment on my behalf in civil action number 26388 before the Fifth Judicial District Court in Park County Wyoming. This warrant includes the authority to confess to judgment for all causes of actions and damages listed in the aforementioned civil action.

_Heather Lang_ (signature)
Heather Lang

**SUBSCRIBED AND SWORN** to before me on this ___9___ day of August, 2011 by Heather Lang.

**WITNESS** my hand and official seal.

_Eva Bott_ (signature)
Notary Public

My Commission Expires:

EVA BOTT — NOTARY PUBLIC
COUNTY OF PARK — STATE OF WYOMING
MY COMMISSION EXPIRES FEBRUARY 22, 2012

STATE OF WYOMING                          COUNTY OF PARK

| | |
|---|---|
| NORTHERN ROCKIES NEURO-SPINE, P.C., | IN THE DISTRICT COURT |
| | FIFTH JUDICIAL DISTRICT |
| Plaintiff, | 1002 SHERIDAN AVENUE |
| | P.O. BOX 1960 |
| -vs- | CODY, WYOMING 82414-1960 |
| HEATHER R. LANG, | |
| | Civil Action No. 26388 |
| Defendant. | |

JOYCE BOYER
Clerk of District Court
FILED SEP 0 1 2011
By _____ Deputy

### JUDGMENT BY CONFESSION

The Defendant, Heather R. Lang, by and through her attorney, having confessed judgment and the Plaintiff, Northern Rockies Neuro-Spine, P.C., having applied to the Court for judgment, and the Court having examined the file finds:

1. This action was duly commenced and service of process made.
2. The Court has jurisdiction of the subject matter and parties of this action.
3. The Defendant has confessed judgment in this matter on all counts, more specifically described as:
    a. Count I, Breach of Contract;
    b. Count II, Fraud;
    c. Count III, Conversion.
4. Generally in favor of the Plaintiff and against the Defendant, and the Plaintiff should recover from Defendant herein.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Plaintiff, Norther Rockies Neuro-Spine, P.C., be, and it hereby is, awarded judgment against the Defendant, Heather R. Lang, in the sum **$20,899.50** calculated as follows:

a. Indebtedness in the amount of $15,867.00.
b. Attorney fees in the amount of $4,962.50
c. Court filing fees in the amount of $70.00

together with interest on the unpaid judgment at the statutory rate of 10% per annum, and future attorney fees and costs as may be allowed by law.

DATED this 1st day of Sept, 2011.

STATE OF WYOMING ) ss
COUNTY OF PARK )
I certify that the foregoing is a true copy of the original on file in this office.
Dated SEP 0 1 2011
JOYCE BOYER
Clerk of District Court
By _____ Deputy

BY THE COURT:

_____
District Court Judge

Prepared by:

_____
J. Philip Bott
Attorney for Defendant

I certify I distributed a true and Correct Copy of the Foregoing this ___ day of Sept, 2011, to the following as indicated:

(M mail; B Clerk's box; H hand deliv...

Accepted as to form:

_____
Christopher J. King
Attorney for Plaintiff

EXHIBIT "2"